**Terry LASS, Appellant,**

v.

**INSURANCE COMPANY OF NORTH AMERICA, Appellee.**

**No. 77–1394.**

United States Court of Appeals, Eighth Circuit.

Submitted Nov. 1, 1977.

Decided Nov. 7, 1977.

Wallace L. Taylor, Boone, Iowa, for appellant.

Terry L. Monson, H. Richard Smith, and Paul F. Ahlers, Des Moines, Iowa, for appellee.

Before LAY, ROSS and WEBSTER, Circuit Judges.

PER CURIAM.

In this diversity case from Iowa, appellant, Terry Lass, contests the finding that his property insurance policy was cancelled by mutual agreement prior to his loss of property by fire.

Terry Lass insured a bowling alley he operated in Ogden, Iowa, the Ogden Bowl, and its contents in the amount of $150,000 through Insurance Company of North America (INA), coverage effective April 15, 1975, and continuing in effect until cancelled.

After receiving an inspection report concerning the Ogden Bowl, INA requested, on June 4, 1975, that it be relieved from its risk on the policy. The request was made through a letter to First Western Insurance, which was a general agent to the Boehm Brothers Insurance Agency of Ogden. John Boehm of that agency was Lass' insurance agent and handled all his insurance matters relating to the Ogden Bowl. At Lass' request, Boehm attempted to secure coverage from other insurance companies. While initially requesting to be relieved from its risk within 45 days, INA later agreed to remain on the policy until replacement coverage was secured. Replacement coverage was obtained on September 2, 1975, through the issuance of five insurance policies by five different companies. The sum of these policies totaled $150,000. Although Boehm had possession of the INA policy, he did not return it to INA.

A fire totally destroyed the Ogden Bowl and its contents on October 29, 1975. The resultant loss was $197,871.52.

In November 1975 INA at Boehm's request, issued a written advice of cancellation for its policy on the Ogden Bowl, which listed the effective cancellation date as October 31, 1975. In connection with this cancellation, Lass received a premium refund from INA of $1,054, representing that portion of the prepaid premium which applied to the period after October 31, 1975.

Boehm, through his general agent, First Western, advised INA on November 25, 1975, that the cancellation notice was incorrect and that Lass was entitled to a larger premium refund since INA had been relieved of its risk on the policy on September 2, 1975, when replacement coverage was obtained. Accordingly, on December 8, 1975, INA issued a corrected advice of cancellation which listed the cancellation date as September 2, 1975, and increased the premium refund to $1,427. Lass has not refunded any of the returned premium.

Based on their position that the INA policy was in effect on the date of the fire and that total coverage on that date amounted to $300,000, the five companies which provided replacement coverage originally paid Lass for half his sustained loss, $98,936.25. They have since paid plaintiff to the limits of their policies, $150,000.[1]

When Lass forwarded proof of loss for the October 29, 1975, fire to INA on December 23, 1975, INA denied coverage. This suit followed.

The sole question for our consideration is whether the INA policy was effectively cancelled before October 29, 1975, by mutual agreement. If so, Lass was not entitled to payment from INA.[2]

Neither party questions that an insurance policy may be cancelled by mutual agreement, which is well established. See Home Ins. Co. v. Fidelity-Phenix Fire Ins. Co., 225 Iowa 36, 279 N.W. 425, 429 (1938); Wall v. Bankers' Life Co., 208 Iowa 1053, 223 N.W. 257, 267 (1929). See also Appleman, 6A Insurance Law and Practice § 4194 at 604–07 (1972). Lass contends that he did

1. The other insurance companies were permitted to intervene in the lawsuit, but have not appealed the district court judgment.

2. The case was tried by stipulation to a United States Magistrate who made findings of fact and conclusions of law favoring the appellee. The district court reviewed these findings and holdings and adopted them as the opinion of the district court. Judgment was entered accordingly.

not consent to cancellation on September 2, 1975, and that cancellation could not have been effected, since he did not surrender his policy or give INA a lost policy receipt.

We affirm the judgment of the district court for the reasons stated in the magistrate's memorandum opinion and order adopted by the district judge as the opinion and order of the district court. In our view those factual findings were not clearly erroneous. *Cf. Bituminous Casualty Corp. v. Aetna Insurance Co.,* 461 F.2d 730 (8th Cir. 1972).

Judgment affirmed.